IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE FOXX, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | Case No. 4:12CV593 | |
| § | | |
| MY VINTAGE BABY, INC., et al. § | | |
| § | | |
| Defendants. § | | |
| § | | |

**MEMORANDUM OPINION AND ORDER OF**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the Court is Defendants' Motion to Dismiss for Plaintiff's Failure to State a Claim (Dkt. 70). As set forth below, it is GRANTED and Plaintiff's claims are dismissed with prejudice.

Plaintiff George Foxx filed this suit against Defendants alleging gross negligence, intentional or reckless misrepresentation, and general fraud and misrepresentation; he has also claimed punitive damages in his amended complaint. These claims arise from the Plaintiff's loss of investments in an alleged penny-stock scam in My Vintage Baby, Inc. a children's clothing company. He further claims that these shares of stock declined in value due to third party illegal trading practices and that he still holds shares in worthless stock. According to the attachments to Plaintiff's complaint, the Securities and Exchange Commission investigated My Vintage Baby, Inc. and Jessica Wiswall; the SEC did not recommend any action against Defendants, but did file suit against others related to the

1

promotion of the penny-stock scheme. Dkts. 45- 3– 8.[1]

Defendants Jessica Smith Wiswall and My Vintage Baby, Inc. filed their motion to dismiss on May 5, 2014, and Plaintiff filed his response on May 13, 2014. The Court now determines whether Plaintiff has stated any claim upon which relief can be granted.

## STANDARD

When reviewing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether a plaintiff has stated a claim, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the

---

[1] The Court notes that Plaintiff's amended complaint asserts that this Court has jurisdiction over his claims under the "Securities Act" and cites to 15 U.S.C. § 77v(a) which grants this Court jurisdiction over "offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and ... of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter...." 15 U.S.C. §77v(a). However Plaintiff does not set forth in his amended complaint the specific section of the Act under which he brings his private right of action. To the extent Plaintiff attempts to bring this action under 15 U.S.C. § 77t, *see* Dkt. 45 at ¶14, this section only permits the prosecution of actions by the Securities and Exchange Commission and does not provide standing for private individuals. 15 U.S.C. § 77t(a). No other section forms the basis of the three "Counts" listed in the amended complaint. Therefore, the basis for the Court's federal question jurisdiction is not clear. The Court notes, however that Plaintiff also claims that the amount in controversy exceeds §75,000 and it appears the parties are diverse; thus, even if no federal question jurisdiction exists, the Court proceeds on the basis of diversity jurisdiction. See 28 U.S.C. §1332.

satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

## ANALYSIS[2]

Plaintiff's complaint asserts three claims: "Count I: Gross Negligence;" "Count II: Intentional or Reckless Misrepresentation;" and "Count III: General Fraud and Misrepresentation." *See* Dkt.

---

[2]The Court notes that it previously granted default judgment in favor of Plaintiff but withdrew that judgment after Defendants' appearance herein. Since the withdrawal of the default judgment – a judgment which did not reach the merits of Plaintiff's claims – Plaintiff has amended his complaint. The Court now determines whether Plaintiff's amended complaint states a claim.

45. The Court examines each below.

Plaintiff alleges that Defendants acted with gross negligence, claiming that Defendants knew or should have known of the reckless conduct of third parties engaging in fraudulent activities. Dkt. 45. However, Plaintiff's complaint fails to allege specific acts constituting negligence. "Gross negligence is defined as an entire want of care, which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it." *Aguirre v. Vasquez*, 225 S.W.3d 744, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Gross negligence has both an objective and a subjective component. *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). To establish gross negligence, a plaintiff must show that, "(1) when viewed objectively, the defendant's acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) that the defendant had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *Id.*

Defendants argue that Plaintiff has not alleged an act or omission that involves an extreme degree of risk, or an actual subjective awareness of a risk followed by an act with conscious indifference to the rights, safety, or welfare of others. Dkt. 70. The Court agrees.

Plaintiff alleges that Jessica Smith Wiswall was "joined at the hip" (Dkt. 45 at ¶49) to those involved in the misrepresentation and fraud, but there are no specific acts alleged sufficient to show that Defendants were acting with an objective extreme degree of risk or with subjective awareness of the risk. Such conclusory allegations are insufficient to survive 12(b)(6) scrutiny. The Court also notes that Plaintiff's own complaint attaches an email that Defendant sent to the responsible third

4

parties, saying "our stock price has drastically dropped in the last week. I am getting numerous threatening faxes, emails and calls from very upset shareholders. They are accusing us that we must be doing something criminal . . . I am at a loss." Dkt. 45, Ex. 4. The materials before the Court are insufficient to state any facts that would show that Defendants had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference. Defendants' motion is granted as to gross negligence, and "Count I: Gross Negligence" is dismissed.

Plaintiff's Count II is "Intentional or Reckless Misrepresentation." There is no recognized independent civil cause of action for "intentional or reckless misrepresentation" under Texas law. Texas law, and federal courts like this Court applying Texas law, do recognize claims for negligent misrepresentation and fraud. Viewing the allegations in a light most favorable to Plaintiff and taking into consideration his *pro se* status, the Court thus construes Plaintiff's "reckless misrepresentation" claim as a claim of negligent misrepresentation.

Plaintiff's Count III is "General Fraud and Misrepresentation." Again, there is no recognized cause of action for "general fraud and misrepresentation" under Texas law. Viewing the allegations in a light most favorable to Plaintiff and taking into consideration his *pro se* status, the Court thus construes Plaintiff's "intentional misrepresentation" claim and "general fraud and misrepresentation" claim as a claim of common law fraud.

Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or

5

competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted); *see also Verdin v. Fed. Nat'l Mortgage Ass'n*, 540 Fed. App'x 253, 255 (5th Cir. 2013).

To assert a claim of fraud under Texas law, a plaintiff must allege that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Further, to state a claim for fraud or mistake in federal court, a plaintiff must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed. 2003))). Rule 9(b) governs the pleading

requirements for negligent misrepresentation claims when the "fraud claim is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple redaction that removes the fraud claim while leaving behind a viable negligent misrepresentation claim." *American Realty Trust, Inc. v. Travelers Cas. and Sur. Co. of Am.,* 362 F. Supp.2d 744, 752 (N.D. Tex. 2005); *see also Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723-24 (5th Cir. 2003).

Here, Plaintiff's fraud and negligent misrepresentation claims are factually inseparable and are so intertwined that, as discussed above, Plaintiff's Count II and Count III assert both allegations of negligent misrepresentation and general fraud. Because the claims are factually inseparable, Rule 9(b) governs the "intertwined" misrepresentation claims. *Kitchell v. Aspen Exploration, Inc.*, 562 F.Supp.2d 843, 852 (E.D. Tex. 2007).

The complaint alleges the following representations by Defendants:

- "Defendants singly and collectively claims to have been a high-end children's clothes [sic] but never made any money but represented the company was sound and had plenty of assets encouraging, scamming, and suckering investors to invest...." Dkt. 45 at ¶3.

- "Defendants singly and collectively represented to Plaintiff that the stock it promoted, sold, and presented to the public via the MVBY: OTC US sold through Scotttrade regulated by the SEC was based on a fraudulent intent and outcome in which Plaintiff suffered a substantial loss...." Dkt. 45 at ¶5

- "Plaintiff relied upon the represents [sic] of Defendants ... that investing in My Vintage Baby, Inc [sic] was a good thing..." Dkt. 45 at ¶7

- "Defendants represented to Plaintiff that financial gains could be enjoyed...." Dkt. 45 at ¶8.[3]

---

[3]Paragraph 58 of Plaintiff's amended complaint also references "the misrepresentation of MVBY" but does not clearly state what that misrepresentation was. Instead, that paragraph appears to recite the elements of Plaintiff's claims of misrepresentation. *See* Dkt. 45 at ¶58.

7

The Court finds that Plaintiff has failed to sufficiently state any misrepresentations. Primarily, that investing was a "good thing," or that financial gains could be enjoyed do not state any misrepresentations. They are conclusory at best, and relying on vague and indefinite statements has been found to be "unreasonable as a matter of law." *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 439 S.W.3d 571, 578 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (*quoting Simulis, L.L.C. v. G.E. Capital Corp.*, 276 S.W.3d 109 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Moreover, promises of future conduct are insufficient to support a claim for negligent misrepresentation. *New York Life Ins. Co. v. Miller,* 114 S.W.3d 114, 125 (Tex. App. — Austin 2003, no pet.). It is further unclear how a representation that the stock "was based on a fraudulent intent" could constitute a misrepresentation in this case at all.

As to the representation that "the company was sound and had plenty of assets," the Court finds that it is sufficient to state a misrepresentation but does not survive Rule 9(b) scrutiny. Specifically, Plaintiff has not state with particularity the circumstances constituting the fraud or the "who, what, when, where, and how" the statement was made to him. *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). He does not identify the Defendant who made it or state how it was made.

Plaintiff does allege that he and Defendant Wiswall "engaged in and exchanged text messages in [sic] the Internet with Plaintiff" at the same time My Vintage Baby announced its assets had been foreclosed upon. Dkt. 45 at ¶¶ 24-25. While this does specifically identify the "who" of the misrepresentation made to him, Plaintiff does not state what misrepresentations or omissions Wiswall made in those text messages; moreover, he does not state how he relied on them to his

detriment.

Finally, the Court notes that Plaintiff claims that "Jessica Smith Wiswall jointly and severally continued to misrepresent to the general public Vintage Couture [sic] a 'spin off' MVBY was good when the operations are misrepresentations of fraud and boastings [sic] on social media of $4,000,000 and 400 associates when the locations of business were vacant and not in compliance with the Texas Secretary of State position provable at trial." Dkt. 45 at ¶67. This allegation again fails to plead with particularity of the who, what, when and where of the "fraud and boasting" alleged. Moreover, according to the face of the pleadings, any such misrepresentations were made after Plaintiff made his alleged investment and therefore, could not have been the cause of any alleged reliance damages. Plaintiff has failed to state any fraud or misrepresentation claims and "Count II: Intentional or Reckless Misrepresentation" and "Count III: General Fraud and Misrepresentation" are dismissed.[4]

Plaintiff's complaint also names Vintage Couture, Inc. as a Defendant. Vintage Couture, Inc. has not made an appearance herein and a Clerk's Entry of Default was entered against it (*see* Dkt. 26). However, for the reasons set forth herein, the Court finds that Plaintiff's complaint fails to state any claims against Vintage Couture, Inc. and those claims should be dismissed as well. "When a defending party establishes that the plaintiff has no cause of action, such defense 'generally inures also to the benefit of a defaulting defendant.'" *McCarty v. Zapata County,* 243 Fed. App'x 792, 794 (5th Cir. 2007) (citing *Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir.2001).

---

[4]The Court notes that any claim of securities fraud would also require that any act or omission be stated with particularity. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

While the Court must give deference to *pro se* parties and hold their pleadings to less stringent standard, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal." *Coleman v. Bank of New York Mellon*, 2013 WL 4761111, 7 (N.D. Tex. 2013). In this case, Plaintiff has not stated any fact that would entitle him to relief against the named Defendants. Defendant My Vintage Baby, Inc., et al.'s Motion to Dismiss (Dkt. 70) is GRANTED, and all of Plaintiff's claims are dismissed with prejudice.

**SO ORDERED.**

**SIGNED this 22nd day of December, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE